FILED

2012 JUN 11 PM 1:55

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY _____Van_____ DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAMELA L. WILLIAMS,<br><br>                                  Plaintiff,<br>vs.<br><br>BANK OF AMERICA, N.A., et al.,<br><br>                                  Defendants. | CASE NO. 11-CV-2800 BEN (NLS)<br><br>**ORDER GRANTING**<br>**MOTION TO DISMISS**<br><br>[Docket No. 4] |

Presently before the Court is a Motion to Dismiss by Defendants Bank of America, N.A., and Mortgage Electronic Registration Systems, Inc. (improperly sued as "MERS"). For the reasons stated below, the Motion is **GRANTED**.

## BACKGROUND

On January 11, 2006, Plaintiff Pamela L. Williams executed an "Adjustable Rate Note" ("Note") promising to repay approximately $250,000 to Defendants. (Compl. ¶ 6.) This Note was secured by a Deed of Trust ("Deed") on her real property, located at 554 S Radio Drive, San Diego, California 92114. (Id. ¶¶ 1, 11.) Plaintiff appears to allege that the Note is invalid. (Id. ¶ 20.)[1] Plaintiff also challenges the foreclosure process, contending that the Note of Default sent to her on February 9, 2010 was improper. (Id.)

Plaintiff originally filed this action in San Diego County Superior Court on October 28, 2011.

_____

[1] Although Plaintiff fails to attach a copy of the signed Note to her complaint, a copy of the Deed is attached as Exhibit A.

- 1 -

1   The complaint alleged ten causes of action: (1) violation of the Truth in Lending Act ("TILA"), 15

2   U.S.C. 1611 *et seq.*; (2) violation of the Real Estate Settlement Procedure Act ("RESPA"), 26 U.S.C.

3   §§ 2605 *et seq.*; (3) violation of the Home Ownership and Equity Protection Act of 1994 ("HOEPA"),

4   15 U.S.C. §§ 1602 *et seq.*; (4) violation of the Fair Debt Collection Practices Act ("FDCPA"), 15

5   U.S.C. §§ 1692 *et seq.*; (5) breach of fiduciary duty; (6) breach of the covenant of good faith and fair

6   dealing; (7) injunctive relief; (8) declaratory relief; (9) fraud; and (10) violation of California Civil

7   Code Section 2923.6.

8          Presently before the Court is a Motion to Dismiss by Defendants Bank of America, N.A., and

9   Mortgage Electronic Registration Systems, Inc. (improperly sued as "MERS").

10                                          **DISCUSSION**

11          Under Federal Rule of Civil Procedure 12(b)(6), dismissal is appropriate if, taking all factual

12   allegations as true, the complaint fails to state a plausible claim for relief on its face. FED. R. CIV. P.

13   12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556-57 (2007); *see also Ashcroft v. Iqbal*, 129 S.

14   Ct. 1937, 1949 (2009) (requiring plaintiff to plead factual content that provides "more than a sheer

15   possibility that a defendant has acted unlawfully"). Under this standard, dismissal is appropriate if the

16   complaint fails to state enough facts to raise a reasonable expectation that discovery will reveal

17   evidence of the matter complained of, or if the complaint lacks a cognizable legal theory under which

18   relief may be granted. *Twombly*, 550 U.S. at 556.

19          Defendants move to dismiss all ten claims. Each claim will be addressed in turn.

20   **I.      FIRST CLAIM: VIOLATION OF TILA**

21          In the first claim, Plaintiff alleges that Defendants violated the requirements of TILA by: (1)

22   "refus[ing] and continu[ing] to refuse to validate or otherwise make a full accounting and the required

23   disclosures as to the true finance charges and fees;" (2) "improperly retain[ing] funds belonging to

24   Plaintiff in amounts to be determined;" and (3) "disclos[ing] the status of the ownership of the loans."

25   (Compl. ¶ 23.) Plaintiff seeks rescission and cancellation of the loan under TILA. (*Id.* ¶ 24.)

26          A TILA rescission claim is subject to a three-year statute of limitations. *See* 15 U.S.C.

27   § 1635(f). The statute of limitations runs from "the date of consummation of the transaction." *King*

28   *v. California*, 784 F.2d 910, 915 (1986). "Consummation means the time that a consumer becomes

11CV2800

1    contractually obligated on a credit transaction." 12 C.F.R. § 226.2(a)(13). Section 1635(f) is an

2    "absolute limitation on rescission actions" which bars any claim filed more than three years after the

3    consummation of the transaction. *King*, 784 F.2d at 913; *see also Miguel v. Country Funding Corp.*,

4    309 F.3d 1161, 1164-65 (9th Cir. 2002). The loan at issue here closed on January 11, 2006 (Compl.

5    ¶ 6), and Plaintiff did not file the present action until October 28, 2011, over five years later.

6    Accordingly, Plaintiff's first claim is barred by the applicable statute of limitations and is

7    **DISMISSED WITH PREJUDICE**.

8         **II.**      **SECOND CLAIM: VIOLATION OF RESPA**

9         In the second claim, Plaintiff alleges that Defendants violated RESPA by "plac[ing] loans for

10    the purpose of unlawfully increasing or otherwise obtaining yield spread fees and sums in excess of

11    what would have been lawfully earned." (Compl. ¶ 30.) In addition, Plaintiff alleges that Defendants

12    "violated the requirements of 26 U.S.C. § 2605(B) in that the servicing contract or duties thereunder

13    were transferred or hypothecated without the required notice." (*Id.* ¶ 31.)

14         First, "26 U.S.C. § 2605(B)" does not exist. Second, to the extent that Plaintiff intended to

15    allege a violation of 12 U.S.C. 2605(b), her claim is time-barred. Claims brought under 12 U.S.C. §

16    2605 are subject to a three-year statute of limitations. *Harwood-Bolton v. Bank of Am., N.A.*, No. CV-

17    10-204, 2011 U.S. Dist. LEXIS 35595, at *9 (E.D. Wash. Mar. 18, 2011). To the extent that Plaintiff

18    bases her claim on alleged actions of Defendants at the point of origination of the loan, Plaintiff signed

19    the loan documents on January 11, 2006, but did not file suit until five years later. To the extent that

20    Plaintiff bases her claim on the way the "servicing contract or duties thereunder were transferred or

21    hypothecated without the required notice" (Compl. ¶ 31), Plaintiff does not allege that the "servicing

22    contract or duties" were "transferred or hypothecated" within three years of the filing of the complaint.

23    Accordingly, Plaintiff's second cause of action is barred by the applicable statute of limitations and

24    is **DISMISSED WITHOUT PREJUDICE**.

25         **III.**      **THIRD CLAIM: VIOLATION OF HOEPA**

26         In the third claim, Plaintiff alleges that "the loan was placed in violation of the HOEPA act,

27    as it was placed and administered and otherwise utilized without regard to Plaintiff's income or cash

28    flow and with the intention of inducing a default." (*Id.* ¶ 37.) Plaintiff seeks damages based on this

11CV2800

1    alleged violation. (*Id.* ¶ 39.)

2         Plaintiff's claims under HOEPA are time-barred by the applicable statute of limitations.

3    "HOEPA is an amendment of TILA, and therefore is governed by the same remedial scheme and

4    statutes of limitations as TILA." *Hamilton v. Bank of Blue Valley*, 746 F. Supp. 2d 1160, 1179 (E.D.

5    Cal. 2010) (internal quotation marks omitted).   The statute of limitations for a TILA damages claim

6    is "within one year from the date of the occurrence of the violation." 15 U.S.C. § 1640(e); *Monaco*

7    *v. Bear Stearns Residential Mortg. Corp.*, 554 F. Supp. 2d 1034, 1039 (C.D. Cal. 2008). As explained

8    above, the date of consummation of the transaction is the date on which the loan is signed. *See* 12

9    C.F.R. § 226.2(a)(13).  Plaintiff signed the loan documents on January 11, 2006, but did not file suit

10   until five years later.   Accordingly, Plaintiff's third claim is barred by the applicable statute of

11   limitations and is **DISMISSED WITH PREJUDICE.**

12         IV.    FOURTH CLAIM: VIOLATION OF THE FDCPA

13         In the fourth claim, Plaintiff alleges that Defendants violated the FDCPA. (Compl. ¶¶ 42-43.)

14   She alleges that she requested validation of the "debt" under 15 U.S.C. § 1692, and Defendants failed

15   to respond to her demands in such a way that met the requirements of the FDCPA. (*Id.*)

16         The FDCPA "imposes civil liability on 'debt collectors' for certain prohibited debt collection

17   practices." *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 130 S. Ct. 1605, 1606 (2010)

18   (internal alteration omitted).  In the context of the FDCPA, a debt collector is "any person who uses

19   any instrumentality of interstate commerce or the mails in any business the principal purpose of which

20   is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly,

21   debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6).

22         Here, Plaintiff fails to demonstrate that Defendants are debt collectors. The FDCPA does not

23   govern efforts by creditors to collect their own debts. *Id.* In addition, "creditors, mortgagors and

24   mortgage servicing companies are not 'debt collectors' and are exempt from liability under the

25   [FDCPA]." *Caballero v. Ocwen Loan Servicing*, No. C-09-01021, 2009 WL 1528128, at *1 (N.D. Cal.

26   May 29, 2009).   Accordingly, the FDCPA does not apply and the fourth cause of action is

27   **DISMISSED WITH PREJUDICE.**

28

1    **V.    FIFTH CLAIM: BREACH OF FIDUCIARY DUTY**

2         In the fifth claim, Plaintiff alleges that "Defendants created, accepted and acted in a fiduciary

3    relationship of great trust and acted for and were the processors of property for the benefit of

4    Plaintiff[]. . . . Defendants breached [the] fiduciary duties owed to Plaintiff[] as they have acted and

5    continue to act for [their] own benefit and to the detriment of Plaintiff[]."  (Compl. ¶¶ 46, 48.)

6         Plaintiff's claims fail as a matter of law because "[g]enerally, the lender-borrower relationship

7    is not a fiduciary relationship." *Okura & Co. (Am.), Inc. v. Careau Grp.*, 783 F. Supp. 482, 494 (C.D.

8    Cal. 1991); *see also Nymark v. Heart Fed. Sav. & Loan Ass'n*, 231 Cal. App. 3d 1089, 1093 n.1 (3d

9    Dist. 1991) ("The relationship between a lending institution and its borrower-client is not fiduciary in

10   nature."). Plaintiff alleges no facts that indicate any special circumstances that could serve as the basis

11   for a finding that a fiduciary duty existed between the parties.  Accordingly, the fifth cause of action

12   is **DISMISSED WITH PREJUDICE**.

13        **VI.    SIXTH CLAIM: BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING**

14        In the sixth claim, Plaintiff alleges that "there existed an implied covenant of good faith and

15   fair dealing requiring Defendants, and each of them, to safeguard, protect, or otherwise care for the

16   assets and rights of Plaintiff[]. . . . [T]he commencement of foreclosure proceedings upon the property

17   lawfully belonging to Plaintiff without the production of documents demonstrating the lawful rights

18   for the foreclosure constitutes a breach of the covenant."  (Compl. ¶¶ 53-54.)

19        "To establish a breach of an implied covenant of good faith and fair dealing, a plaintiff must

20   establish the existence of a contractual obligation, along with conduct that frustrates the other party's

21   rights to benefit from the contract." *Fortaleza v. PNC Fin. Servs. Group, Inc.*, 642 F. Supp. 2d 1012,

22   1021-22 (N.D. Cal. 2009) (citing *Guz v. Bechtel Nat'l Inc.*, 24 Cal. 4th 317, 349-50 (2000); *Racine*

23   *& Laramie v. Dep't of Parks & Rec.*, 11 Cal. App. 4th 1026, 1031 (4th Dist. 1992); *Smith v. City &*

24   *Cnty. of San Francisco*, 225 Cal. App. 3d 38, 49 (1st Dist. 1990)).  "The implied covenant of good

25   faith and fair dealing is limited to assuring compliance with the *express terms* of the contract, and

26   cannot be extended to create obligations not contemplated by the contract." *Pasadena Live, LLC v.*

27   *City of Pasadena*, 114 Cal. App. 4th 1089, 1094 (2d Dist. 2004) (internal quotation marks omitted).

28        Here, Plaintiff fails to allege the existence or terms of a contract, or to attach and incorporate

11CV2800

1  them. If a valid contract is not established, there can be no claim for a breach of the implied covenant

2  of good faith and fair dealing. *See Guz*, 24 Cal. 4th at 349 (covenant of good faith and fair dealing

3  "cannot be endowed with an existence independent of its contractual underpinnings" (internal

4  quotation marks omitted)). Accordingly, the sixth claim is **DISMISSED WITHOUT PREJUDICE**.

5        **VII.**   **SEVENTH CLAIM: INJUNCTIVE RELIEF**

6        In the seventh claim, Plaintiff requests an injunction preventing the trustee's sale and/or

7  foreclosure, alleging that Defendants "have wrongfully interfered with or threaten to interfere with

8  Plaintiff's use and enjoyment of the Property in that they threaten to dispossess [Plaintiff]," and

9  "Plaintiff[] [has] no adequate remedy at law for the threatened and continuing conduct of the

10  impending Trustee's sale." (Compl. ¶¶ 63, 65.)

11        An injunction is not a cause of action, but rather is a remedy. *Marlin v. Aimco Venezia, LLC*,

12  154 Cal. App. 4th 154, 162 (2d Dist. 2007). A cause of action must exist before an injunction may

13  be granted. *See Shell Oil Co. v. Richter*, 52 Cal. App. 2d 164, 168 (4th Dist. 1942). Here, Plaintiff

14  has failed to state a viable cause of action, as discussed herein, which means that Plaintiff has not

15  established a legal basis for the Court to enjoin the foreclosure or trustee's sale. Accordingly, the

16  seventh cause of action is **DISMISSED WITHOUT PREJUDICE**.

17        **VIII.**   **EIGHTH CLAIM: DECLARATORY RELIEF**

18        In the eighth claim, Plaintiff seeks declaratory relief, claiming "[a] dispute has arisen between

19  and among Plaintiff[] and Defendants . . . as to the duties and obligations of the respective parties with

20  regard to the loan or the foreclosure." (Compl. ¶ 68.) Plaintiff seeks a declaratory judgment "to

21  determine the actual status and validity of the loan, deed of trust, nominated beneficiaries, loan

22  servicers, trustees instituting foreclosure proceedings and related matters." (*Id.* ¶ 72.)

23        "California's nonjudicial foreclosure scheme is set forth in Civil Code sections 2924 through

24  2924k, which provide a comprehensive framework for the regulation of a nonjudicial foreclosure sale

25  pursuant to a power of sale contained in a deed of trust." *Gomes v. Countrywide Home Loans, Inc.*,

26  192 Cal. App. 4th 1149, 1154 (4th Dist. 2011) (internal quotation marks omitted). "These provisions

27  cover every aspect of exercise of the power of sale contained in a deed of trust." *I.E. Assocs. v. Safeco*

28  *Title Ins. Co.*, 39 Cal. 3d 281, 285 (1985). "Because of the exhaustive nature of this scheme,

1  California appellate courts have refused to read any additional requirements into the non-judicial

2  foreclosure statute." *Lane v. Vitek Real Estate Indus. Group*, 713 F. Supp. 2d 1092, 1098 (E.D. Cal.

3  2010).

4        Here, by seeking a determination whether Defendants may properly initiate foreclosure,

5  Plaintiff is "attempting to interject the courts into this comprehensive nonjudicial scheme." *See*

6  *Gomes*, 192 Cal. App. 4th at 1154. However, "[n]othing in the statutory provisions establishing the

7  nonjudicial foreclosure process suggests that such a judicial proceeding is permitted or contemplated."

8  *Id.* Accordingly, the eighth claim is an improper attempt to make Defendants demonstrate their right

9  to foreclose. *See Wilson v. Wells Fargo Bank*, No. C 11-03394, 2011 U.S. Dist. LEXIS 86611, at *6

10  (N.D. Cal. Aug. 5, 2011) ("The declaratory relief . . . claim[] assume[s] incorrectly that a lender must

11  prove ownership in a court of law prior to foreclosure."). The eighth claim is **DISMISSED WITH**

12  **PREJUDICE.**

13        **IX.    NINTH CLAIM: FRAUD**

14        In the ninth claim, Plaintiff alleges that the Notice of Default, executed by an unknown

15  employee of Quality Loan Service Corp. was false because "[d]ocuments were not provided to the

16  trustee that showed that either MERS or any of the Defendants Identified as Does 1-50, was the

17  Beneficiary and entitled to the payments." (Compl. ¶¶ 74, 79.)

18        The elements of a fraud claim are: "'(a) misrepresentation (false representation, concealment,

19  or *nondisclosure* ); (b) knowledge of falsity (or 'scienter'); (c) intent to defraud, i.e., to induce reliance;

20  (d) justifiable reliance; and (e) resulting damage.'" *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1126

21  (9th Cir. 2009) (quoting *Engalla v. Permanente Med. Grp., Inc.*, 15 Cal. 4th 951, 974 (1997). "In

22  order to prevail, the plaintiff must allege and prove that he or she actually relied upon the

23  misrepresentations and, in the absence of fraud, would not have entered into the contract or

24  transaction." *Perez v. Am. Home Mortg. Servicing, Inc.*, No. C 12-00932, 2012 WL 1413300, at *4

25  (N.D. Cal. Apr. 23, 2012) (citing *Mega Life & Health Ins. Co. v. Super. Ct.*, 172 Cal. App. 4th 1522,

26  1530 (4th Dist. 2009)).

27        Plaintiff's fraud claim appears to hinge on the allegation that the notice of default did not

28  disclose the true beneficiary of the deed of trust. Plaintiff conclusorily alleges that she "did rely on

11CV2800

1   these representations" (Compl. ¶ 78), but she does not allege any facts showing that she took any

2   action or refrained from taking any action as a result of Defendants' alleged failure to disclose the true

3   beneficiary of the deed of trust. Accordingly, the ninth claim is insufficiently alleged. *See Perez*, 2012

4   WL 1413300, at *4. This claim is **DISMISSED WITHOUT PREJUDICE.**

5           **X.**    **TENTH CLAIM: VIOLATION OF CALIFORNIA CIVIL CODE § 2923.6**

6           In the tenth claim, Plaintiff appears to allege that Defendants breached the provisions of a

7   "Pooling and Servicing Agreement" ("PSA"), in violation of California Civil Code § 2923.6. (Compl.

8   ¶ 84.) Plaintiff alleges that "obstruction or imposition of unwarranted conditions by defendants

9   occurred when defendants evaded the plaintiffs' attempts to provide tender as specified and

10  encouraged by defendants' pooling agreement;" "obstruction or imposition of unwarranted conditions

11  by defendants occurred when defendants manifested to the Plaintiffs that tender, if made, will not be

12  accepted, the Plaintiffs are excused from making tender as it would be a futile gesture;" and

13  "obstruction or imposition of unwarranted conditions by defendants occurred when defendants'

14  objection for want of actual tender of money is waived by defendants' refusal to receive the money

15  if produced." (*Id.* ¶¶ 95-98.)

16          Section 2923.6 provides:

17

18  (a) The Legislature finds and declares that any duty servicers may have to maximize net present value under their pooling and servicing agreements is owed to all parties in a loan pool, or to all investors under a pooling and servicing agreement, not to any

19  particular party in the loan pool or investor under a polling and servicing agreement, and that a servicer acts in the best interests of all parties to the loan pool or investors

20  in the pooling and servicing agreement if it agrees to or implements a loan modification or workout plan for which both of the following apply:

21  (1) The loan is in payment default, or payment default is reasonably foreseeable. (2) Anticipated recovery under the loan modification or workout plan exceeds the

22  anticipated recovery through foreclosure on a net present value basis.

23  (b) It is the intent of the Legislature that the mortgagee, beneficiary, or authorized agent offer the borrower a loan modification or workout plan if such a modification or plan is consistent with its contractual or other authority.

24

25  CAL. CIV. CODE § 2923.6.

26          "Under California law, the adoption of a regulatory statute does not automatically create a

27  private right to sue for damages resulting from violations of the statute." *Curtis v. Option One Mortg.*

28  *Corp.*, No. 09-CV-1982, 2010 U.S. Dist. LEXIS 41518, at *20 (E.D. Cal. Apr. 27, 2010) (citing

11CV2800

1    *Moradi-Shalal v. Fireman's Fund Ins. Cos.*, 46 Cal. 3d 287, 294-95 (1988)). "'A statute creates a

2    private right of action only if the enacting body so intended.'" *Id.* (quoting *Grodensky v. Artichoke*

3    *Joe's Casino*, 171 Cal. App. 4th 1399, 1420 (1st Dist. 2009)). "If the Legislature intends to create a

4    private cause of action it will do so directly, in clear, understandable, unmistakable terms." *Id.* (citing

5    *Moradi-Shalal*, 46 Cal. 3d at 294-95). Numerous courts have held that § 2923.6 does not create a

6    private right of action, *see id.* at *21 (collecting cases), and Plaintiff has not cited any authority to the

7    contrary. Accordingly, the tenth claim is **DISMISSED WITH PREJUDICE.**

8    **CONCLUSION**

9    For the foregoing reasons, the first, third, fourth, fifth, eighth, and tenth claims are

10   **DISMISSED WITH PREJUDICE.** The second, sixth, seventh, and ninth claims are **DISMISSED**

11   **WITHOUT PREJUDICE.** Plaintiffs are **GRANTED** forty-five (45) days from the date of this Order

12   to file a First Amended Complaint.

13   **IT IS SO ORDERED.**

14

15   DATED: June 11, 2012

16   HON. ROGER T. BENITEZ
     United States District Court Judge

17

18

19

20

21

22

23

24

25

26

27

28

11CV2800